Debra L. KELLY, Plaintiff—Appellant,

v.

USS–POSCO INDUSTRIES, a California joint venture between USX Corporation and Pohang Iron and Steel Company, Defendant—Appellee.

No. 01–16529.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 18, 2003.

Decided Aug. 27, 2003.

Debra L. Kelly, pro se, Guerneville, CA, Alan Gregory Wonderwheel, Esq., Santa Rosa, CA, for Plaintiff–Appellant.

Allan Steyer, Esq., Cassandra M. Hanley, Steyer, Lowenthal, Boodrookas, Alvarez & Smith, LLP, San Francisco, CA, Cory S. Anderson, Esq., Pittsburg, CA, for Defendant–Appellee.

Before: REINHARDT, SILER,* and HAWKINS, Circuit Judges.

MEMORANDUM **

Plaintiff–Appellant Debra Kelly ("Kelly") alleges several errors in the district court's adjudication of her claim against her employer USS–POSCO Industries ("Posco") for sex discrimination, retaliation, hostile work environment, and unfair business practices.

■ Kelly appeals the district court's grant of partial summary judgment on her retaliation claim. The district court found that because Kelly failed the test and re-test at the end of Phase I of the training program, "no reasonable jury could find that [Posco] dismissed her from the program in retaliation for her complaints." However, the court denied summary judgment on those parts of Kelly's retaliation claim which alleged that Posco imposed a time limit on the re-test and created a hostile work environment in retaliation for her complaints. Because the imposition of the time limit is the foundation of Kelly's claim that her dismissal from the program was retaliatory, the district court's ruling allowed the substance of Kelly's claim to go forward, and was not erroneous.

■ The district court later granted Posco's motion for judgment as a matter of law on Kelly's remaining retaliation claim. The district court correctly found that no reasonable jury could have found the conditions imposed on the re-test to be retaliatory. While Posco originally set a four-hour time limit on the re-test, it was later extended to seven hours. In addition, the re-test was identical to the original test, including the order of the questions, and Posco provided Kelly with extensive tutoring in preparation for the re-test.

The district court also found that Kelly had not presented sufficient evidence for a jury to find that Posco created a hostile work environment in retaliation for her complaints about employee behavior. Because the jury later rejected Kelly's free-standing hostile work environment claim and found that no such environment existed, any error in excluding a retaliation claim based on the creation of a hostile work environment was necessarily harmless.

■ Kelly further protests the district court's grant of summary judgment on her sex discrimination claim. The district court found that Kelly could not show that Posco's reason for dismissing her from the training program was pretextual because Kelly had failed the test and re-test-clear grounds for dismissal under company policy. However, the district court also noted in its decision that it was possible that "the reason [Kelly] failed the test was because of unlawful discrimination." Because the district court acknowledged that there may have been discriminatory reasons ultimately driving Kelly's dismissal from the program, there was probably sufficient evidence of pretext for Kelly's sex discrimination claim to survive summary judgment. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

However, as discussed above, the district court correctly granted judgment as a matter of law on Kelly's retaliation claim, which was based on the same alleged conduct as her sex discrimination claim-specifically, the conditions under which the re-

* Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

test was given. Because Posco administered a re-test which was identical to the original and gave Kelly extensive tutoring, Kelly could not have shown sex discrimination in its administration had that claim been allowed to proceed. Therefore, any error with respect to the sex discrimination claim was harmless as well.

Kelly also claims the district court erred in granting Posco's motion to dismiss her claim for unfair business practices as preempted by OSHA. In *Gade v. National Solid Wastes Management Association*, 505 U.S. 88, 112 S.Ct. 2374, 120 L.Ed.2d 73 (1992), the Supreme Court found that Congress intended OSHA to preempt state law. *Id.* at 99, 112 S.Ct. 2374. Therefore, unless a state plan for regulating an issue of worker safety is submitted to the Secretary of Labor for approval, "the OSH Act preempts all state 'occupational safety and health standards relating to any occupational safety or health issue with respect to which a Federal standard has been promulgated.'" *Id.* at 105, 112 S.Ct. 2374 (quoting 29 U.S.C. § 667(b)).

Kelly's claim was brought under California Business and Professions Code § 17200, which has potential application to any unfair or unlawful business practice. *See Podolsky v. First Healthcare Corp.*, 50 Cal.App.4th 632, 647, 58 Cal.Rptr.2d 89 (1996). However, § 17200 is not part of California's approved occupational health and safety plan. Kelly's First Amended Complaint made specific references to OSHA and claimed that inadequate standards in Posco's training program resulted in employees "working in the plant where they are not fully qualified, creating a safety risk to themselves and their fellow workers." Kelly's Second Amended Complaint removed the references to OSHA, but did not change the substance of her allegations and retained the allegation that

Posco's inadequately trained employees "will be working with highly dangerous electrical voltages." Therefore, her unfair business practices claim is intrinsically related to occupational health and safety and is preempted by OSHA.

Finally, Kelly appeals several evidentiary rulings made by the district court at trial. These rulings were not an abuse of discretion.

AFFIRMED.